IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GREGORY KELLY, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:24-cv-388-MHT-JTA |
| ) | (WO) |
| ELITE ROOFING, LLC, doing business ) | |
| as Jimmy Holley, JIMMY HOLLEY, ) | |
| owner and his position as employee of ) | |
| Elite Roofing Company, LLC, ALFA ) | |
| MUTUAL INSURANCE doing business ) | |
| as Alfa Insurance Company, and TERRY ) | |
| MCKELVEY individually and his ) | |
| position as employee of Alfa Insurance ) | |
| Company, ) | |
| ) | |
|     Defendants. ) | |

## **ORDER**

Before the court is the amended complaint[1] filed by *pro se* Plaintiff Gregory Kelly. (Doc. No. 15.) Also before the court are the Motion to Dismiss Plaintiff's First Amended

---

[1] When Plaintiff filed the amended complaint, he knew that doing so without leave of court was not permitted under the Federal Rules of Civil Procedure. On July 3, 2024, in *Kelly v. Montgomery Housing Authority, et al.*, the court *sua sponte* struck an amended complaint "as a nullity because it was not filed with leave of court." *Kelly v. Montgomery Housing Authority, et al.*, Case No. 2:24-cv-00166-MHT-JTA, Doc. No. 38, July 3, 2024 Order. In that order, the court set out the relevant text of Rule 15(a)(2) of the Federal Rules of Civil Procedure, explained its application, and reminded Plaintiff of his responsibilities as a *pro se* litigant to "adhere to the Federal Rules of Civil Procedure, this court's local rules, and court orders, just like any other litigant." *Id*. at 2 (citing *Kelly v. Montgomery Housing Auth.*, No. 2:24-CV-166-MHT-JTA, 2024 WL 3240637, at *1 (M.D. Ala. June 28, 2024)). However, in this case, the undersigned did not strike Plaintiff's amended complaint for violating Rule 15(a) for two reasons. First, Defendants responded to the amended complaint, demonstrating their willingness to proceed upon it. Second, not striking the amended complaint for violating Rule 15(a) was the most efficient application of the Federal Rules of Civil Procedure, since the original complaint, like the amended one, was a shotgun complaint

Complaint filed by Defendants Alfa Mutual Insurance Company and Terry McKelvey (Doc. No. 19) and Plaintiff's Motion to Add New Claims and Join Parties Under FRCP Rules 20, 19, and 18 (Doc. No. 27). For the reasons stated below, the court *sua sponte* strikes the amended complaint (Doc. No. 15) and orders Plaintiff to amend his complaint in strict accordance with this Order, and the court denies the motion to dismiss (Doc. No. 19) and the motion to add new claims (Doc. No. 27) as moot.

## I. JURISDICTION

Pursuant to 28 U.S.C. § 636, "this case [was referred] to the undersigned United States Magistrate Judge for all pretrial proceedings and entry of any order or recommendations as may be appropriate." (Doc. No. 4.)

This court has subject matter jurisdiction over this action based on federal question jurisdiction, as at least one of Plaintiff's causes of action arises under the Constitution and laws of the United States. 28 U.S.C. § 1331. The court also may exercise supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367(a).

The parties do not contest personal jurisdiction or venue, and the court finds sufficient allegations to support both in the Middle District of Alabama.

---

and would have required the court to *sua sponte* order an amendment. Striking the amended complaint (rather than the original) and ordering Plaintiff to amend requires fewer judicial resources to reach the same outcome. *See* Fed. R. Civ. P. 1 ("[The Federal Rules of Civil Procedure] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.")

## II. STANDARD OF REVIEW

"Complaints that violate either Rule 8(a)(2) or Rule 10(b) [of the Federal Rules of Civil Procedure], or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). "All shotgun pleadings share two characteristics in common." *Dorman v. Palm Beach Cnty.*, No. 19-81538-CIV, 2020 WL 2078527, at *1 (S.D. Fla. Apr. 30, 2020). First, shotgun complaints "'fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'" *Id.* (quoting *Weiland*, 792 F.3d at 1323). Second, shotgun complaints "'waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts.'" *Id.* (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)). As the court has previously explained to Plaintiff, the Eleventh Circuit has defined shotgun pleadings as follows:

> Though the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings. The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland*, 792 F.3d at 1323 (footnotes omitted).

"Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996). At the same time, "the court is obliged to *sua sponte* exercise its inherent duty and responsibility to manage its docket, ensure that the issues subject to litigation are clearly delineated, prevent extended and aimless discovery, protect the record from accumulating cumbersome and unnecessary mass, and efficiently allocate judicial resources." (Doc. No. 137 at 13.) That duty requires the court to *sua sponte* order repleader of a shotgun complaint where necessary to achieve those objectives, and where less drastic alternatives are unavailing.[2] (*Id.* at 12-14, 23.) *See Magluta v. Samples*, 256 F.3d 1282, 1285 (11th Cir. 2001) (directing the district court on remand to strike the shotgun complaint "and require a repleading of all claims in a complaint that respects the requirements" of the Federal Rules of Civil Procedure); *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (emphasizing the court's "power and duty" to intervene *sua sponte* in cases of shotgun pleadings to narrow the issues and "prevent the case from

---

[2] Where a plaintiff fails to comply with an order to file an amended complaint to cure the shotgun pleading issues, the case may be dismissed with or without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the court's inherent powers to ensure compliance with its orders. *See Sullivan v. Prattville Health & Rehab., LLC*, No. 3:22-CV-702-RAH-JTA, 2024 WL 2755683, at **10-11 (M.D. Ala. May 29, 2024) (Order and Recommendation of the Magistrate Judge) (collecting cases and recommending dismissal with prejudice for failure to comply with the court's prior orders to cure a shotgun complaint).

4

proceeding beyond the pleadings until the issues are reasonably well defined"); *Reese v. Weidplas N. Am., LLC*, No. 3:18-cv-793-WKW-SRW, 2019 WL 13299344, at *3 (M.D. Ala. 2019) ("The district courts have the inherent authority to require plaintiffs to define the scope of their claims and, indeed, it is the courts' duty to do so at the earliest practicable stages of litigation."); *Hatfield v. Cadence Bank*, No. 3:23-cv-202-RAH-JTA, September 8, 2023 Order (Doc. No. 24 at 3-4) (collecting cases and explaining the court's inherent power and duty to ensure that the pleadings are not "so deficient as to risk significantly inhibiting joinder of the issues, trial, and effective case management," even where the complaint is not subject to review under 28 U.S.C. § 1915(e)(2)(B)); *see also Anderson*, 77 F.3d at 367 n.5 (holding that, where the defendants opted not to move for a more definite statement, "on examining [the] pleadings, the court, acting *sua sponte*, should have struck the plaintiff's complaint, and the defendants' answer, and instructed plaintiff's counsel to file a more definite statement" because the complaint so failed to comply with the rules of pleading that it prevented effective joinder and disposition of the relevant issues in the case).

### III.   DISCUSSION

A.   Basis for *Sua Sponte* Order to Amend

In 2024, *pro se* Plaintiff Gregory Kelly filed eight separate actions in the Middle District of Alabama against numerous Defendants. Throughout his conglomeration of civil actions, Plaintiff alleges numerous discriminatory acts and constellations of conspiracies

5

by various entities, individuals, and state governmental agencies.[3] Four of those actions were[4] referred to the undersigned. This is one of those actions.

Plaintiff filed this action on July 2, 2024.[5] On August 7, 2024, Plaintiff filed his amended complaint against Defendants Elite Roofing, LLC, Jimmy Holley, Alfa Mutual Insurance, and Terry McKelvey. (Doc. No. 15.) The amended complaint is seventy pages long, including two hundred fifty-nine separately numbered paragraphs (many with subparts). In it, Plaintiff asserts twenty-five counts alleging that Defendants are liable for a wide variety of injuries to Plaintiff and, in some cases, to "10s of 1000s of unschooled, financially illiterate and low IQ, mostly indigent, Black, elderly, and disabled" people. (Doc. No. 15 at 67 ¶ 248.) Against Defendant McKelvey, Plaintiff alleges no specific allegations of material fact concerning how Defendant McKelvey's actions (or omissions) give rise to liability on Defendant McKelvey's part.[6] (Doc. No. 15 at 1-17.) On the other

---

[3] *See Kelly v. Alabama Alcohol Control Board, et al.*, Case No. 2:24-cv-00575-ECM-CWB; *Kelly v. Elite Roofing, LLC, et al.*, Case No. 2:24-cv-00388-MHT-JTA; *Kelly v. Montgomery County and City Board, et al.*, Case No. 2:24-cv-00362-ECM-KFP; *Kelly v. Montgomery Water Works and Sanitary Sewer Board, et al.*, Case No. 2:24-cv-00348-RAH-JTA; *Kelly v. Alabama Department of Rehabilitation Services, et al.*, Case No. 2:24-cv-00343-ECM-SMD; *Kelly v. Montgomery Real Estate Buyers LLC, et al.*, Case No. 2:24-cv-00297-RAH-KFP; *Kelly v. Montgomery Regional Airport, et al.*, Case No. 2:24-cv-00266-RAH-SMD; *Kelly v. Montgomery Housing Authority, et al.*, Case No. 2:24-cv-00166-MHT-JTA.

[4] Of the four cases originally assigned to the undersigned, one was recently reassigned to another Magistrate Judge as referral judge on December 3, 2024: *Kelly v. Alabama Department of Rehabilitation Services, et al.*, Case No. 2:24-cv-00343-ECM-SMD.

[5] Plaintiff paid the filing fee in this action and is not proceeding *in forma pauperis*.

[6] In his statement of facts, Plaintiff does mention that he informed "Defendant Terry McElvery" (sic) that his family suffered from certain disorders, but he does not go on to state what Defendant McKelvey did (or did not do) in response that could have given rise to liability. (Doc. No. 15 at 16 ¶ 53.) The remainder of Plaintiff's statements about Defendant McKelvey occur in the various

hand, some of Plaintiff's claims are alleged against purported Defendants who are not named in the caption of his amended complaint, and regarding whom there is no record of Plaintiff requesting or attempting service of a summons or the amended complaint.[7] Plaintiff does not make clear which specific facts, if any, pertain to which specific count(s) in a manner that would place each Defendant on notice of the factual basis of each claim against him, her, or it. Many claims do not appear to have corresponding specific factual allegations at all.[8] These are some (but not all) of the reasons why "'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for

---

counts of the amended complaint and consist of statements of law and generic, nonspecific allegations that are often aimed at multiple Defendants at once (*e.g.*, that Defendants McKelvey and Alfa Insurance both breached a duty to Plaintiff by "[f]ailing to supervise, hire or assign competently educated and trained employees, contractors or agents an out the potential risks and public health hazards associated with failing to properly abate and remove poisonous asbestos fibers and toxic mold spores"). (Doc. No. 15 at 44 ¶ 173.) *See Weiland*, 792 F.3d at 1323 (noting that some shotgun complaints "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions.").

[7] For example, Plaintiff alleges the following:

> At all relevant times to this case, Plaintiff Kelly claims and contends that Alfa Insurances Company Defendants and Elite Roofing Company Defendants and added new Defendants A/C by Luquire Inc; Hans Luquire individually and position as employee of A/C by Luquire **( Collectively the A/C by Luquire Defendants")  have engaged in state sponsored civil conspiracy to poison him due to his civil rights, human rights and environmental justice advocacy activities after the enactment of the state's 2011 HB-56/HB-658 state laws.**

(Doc. No. 15 at 64 ¶ 241 (sic) (emphasis in original).)

[8] For example, Plaintiff alleges in Count 11 that "Since about 1998, the Defendants have been knowingly violating Section 508 of the 1973 Rehab Act laws where the Section 508 of the Rehab Act, is a Federal law that requires equal access for individuals with disabilities to technology funded, and the Section 508 law **applies to all IT the U.S Government buys, builds, maintains, and uses**." (Doc. No. 15 at 40 ¶ 156.) He does not explain what actions each Defendant has been taking, or when (other than "since 1998"). Defendants cannot reasonably be expected to understand with any specificity the factual basis of this claim.

7

relief,'" or the grounds upon which each of Plaintiff's twenty-five counts rests. *Kelly v. Montgomery Hous. Auth.*, No. 2:24-CV-166-MHT-JTA, 2024 WL 1837195, at *3 (M.D. Ala. Apr. 26, 2024), *report and recommendation adopted*, No. 2:24-cv-166-MHT, 2024 WL 3290734 (M.D. Ala. July 2, 2024) (quoting *Anderson*, 77 F.3d at 366); *see also Weiland*, 792 F.3d at 1323 (explaining that "the unifying characteristic" of shotgun complaints "is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests"). For these reasons, although their motion to dismiss indicates their valiant effort to do so, Plaintiff's pleading deficiencies deprive Defendants of the ability to fully respond to the amended complaint. *Weiland*, 792 F.3d at 1323.

Therefore, despite Plaintiff having previously been specifically warned in at least one other case[9] about shotgun complaints, and despite Plaintiff having previously been subject to an order in that case requiring him to file an amended pleading and providing him with detailed instructions for doing so, Plaintiff's amended complaint in this action will be *sua sponte* stricken as a shotgun pleading. *See Kelly v. Montgomery Hous. Auth.*, 2024 WL 1837195, at *4. Plaintiff will be provided **one** opportunity in this action to amend his pleadings to state what claims he can with sufficient specificity to place Defendants and the court on notice of his claims and the factual grounds upon which they rest.

---

[9] The court is under no obligation to explain repeatedly the Federal Rules of Civil Procedure to Plaintiff in any of his many pending actions whenever he repeats a procedural error the court has previously carefully explained to him in a different case. To do so would be a waste of scarce judicial resources. The court has provided Plaintiff with links to the Federal Rules of Civil Procedure, and it expects him to use them, consistent with its expectations of any other litigant.

B.      Basis for Denying the Motion to Dismiss and the Motion to Add New Claims as Moot

Although Plaintiff has not yet filed an amended complaint, he will either file one or face dismissal of this action. In any event, this case will not proceed on the amended complaint, which is an impermissible shotgun pleading. Therefore, Defendant's motion to dismiss (Doc. No. 19) is directed at the merits of an inoperative pleading and is itself due to be denied as moot without prejudice to raise the arguments therein in response to the forthcoming second amended complaint. *See Sullivan v. Prattville Health & Rehab., LLC*, Case No. 3:22-cv-702-RAH-JTA, 2024 WL 1601217, at *5 (M.D. Ala. Feb. 16, 2024) (recommending denial of pending motions to dismiss in similar circumstances), *report and recommendation adopted*, 2024 WL 943453 (M.D. Ala. Mar. 5, 2024); *Geathers v. Bank of Am., N.A.*, No. 1:14-CV-00850, 2015 WL 348852, at *1 (N.D. Ga. Jan. 26, 2015) (adopting the recommendation of the magistrate judge to dismiss as moot a dispositive motion directed at a complaint that had been superseded by amendment); *see also Decker v. Jones*, No. 2:19-cv-759-WKW-JTA, 2022 WL 18715945, at *4 (M.D. Ala. Dec. 6, 2022), *report and recommendation adopted sub nom. Decker v. Alabama Dep't of Corr.*, No. 2:19-cv-759-WKW, 2023 WL 1997707 (M.D. Ala. Feb. 14, 2023) ("[T]he Eleventh Circuit has recognized the general rule of amendment, which mandates an amended complaint supersedes and replaces an original complaint unless the amendment specifically refers to or adopts the earlier pleading, applies to pleadings filed by *pro se* parties." (citing *Schreane v. Middlebrooks*, 522 F. App'x 845, 847 (11th Cir. 2013) (citing in turn *Pintando v. Miami-Dade Hous. Agency*, 501 F. 3d 1241, 1243 (11th Cir. 2007)))).

Plaintiff's Motion to Add New Claims and Join Parties Under FRCP Rules 20, 19, and 18 (Doc. No. 27) is likewise mooted by this Order.

## IV. CONCLUSION

Accordingly, it is ORDERED as follows:

1. The Motion to Dismiss Plaintiff's First Amended Complaint filed by Defendants Alfa Mutual Insurance Company and Terry McKelvey (Doc. No. 19) is DENIED as moot.

2. Plaintiff's Motion to Add New Claims and Join Parties Under FRCP Rules 20, 19, and 18 (Doc. No. 27) is DENIED as moot.

3. The court *sua sponte* strikes the Amended Complaint (Doc. No. 15) and orders Plaintiff to amend his complaint **on or before December 26, 2024**, in strict accordance with the following instructions:

    a. The amended complaint shall comply with the Federal Rules of Civil Procedure, including Rule 8(a), Rule 8(d), Rule 10, and Rule 11.

    b. The amended complaint shall not be a shotgun pleading.

    c. The amended complaint shall comply with the Local Rules for the United States District Court for the Middle District of Alabama.[10]

    d. The caption on the amended complaint shall name all parties to this action, including all Defendants against whom Plaintiff asserts claims.

---

[10] As Plaintiff has previously been informed, the Local Rules for the United States District Court for the Middle District of Alabama can be found at https://www.almd.uscourts.gov/forms/almd-local-rules.

e. The amended complaint shall be the full, complete, concise statement of Plaintiff's claims <u>without reference to, adoption of, or incorporation of any previous pleadings or filings</u>. *See* L.R. 15.1. The amended complaint shall supersede the Complaint that was previously filed in this case. *See Healthier Choices Mgmt. Corp. v. Philip Morris USA, Inc.*, 65 F.4th 667, 676 (Fed. Cir. 2023) (stating that "an amended complaint supersedes the previous complaint," therefore "a district court, in considering an amended complaint, should not consider the now 'abandoned' original complaint and its attachments").

f. The amended complaint shall set forth a short and plain statement of the grounds for the court's jurisdiction.

g. Plaintiff's standing to sue shall be apparent from the face of the amended complaint. Plaintiff shall not allege claims on behalf of others whom he is not qualified to represent *pro se*.

h. The amended complaint must set out in separately numbered paragraphs a short, plain statement of the facts on which Plaintiff bases his claims. The amended complaint shall clearly set forth sufficient relevant factual allegations, clearly indicate how the factual allegations support each legal claim, and specify exactly which claim(s) Plaintiff is asserting against which Defendant(s). To the extent possible, for each act of alleged unconstitutional, unlawful, or

    other wrongful conduct by Defendants, Plaintiff should include the date(s) of the alleged wrongful conduct, a **sufficient** description of the alleged wrongful conduct, the names of the Defendant(s) who allegedly engaged in that conduct, and the facts supporting his contention that wrongful conduct occurred.

i.  The amended complaint must set out Plaintiff's legal claims in separate counts, with one claim per count, **referencing the specific allegations of fact that support each legal claim**. "If doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count." Fed. R. Civ. P. 10(b).

j.  Counts asserted against fewer than all Defendants shall not be asserted against "Defendants" as an entire group. Rather, as to each separate legal claim, Plaintiff shall expressly name which Defendants are allegedly liable to him with respect to that specific claim, and in what capacity. With respect to each count, the complaint must clearly and specifically identify each relevant Defendant's alleged acts or omissions in a manner sufficient for each Defendant to know how he, she, or it is alleged to be personally involved with the claim and the factual and legal grounds upon which he or she is alleged to be liable.

k.  The amended complaint shall state plainly the relief Plaintiff requests from the court.

    l.      *Plaintiff is **ADVISED** that failure to timely file an amended complaint that complies with this Order may constitute grounds for dismissal for failure to prosecute this case and for failure to comply with the Court's orders*.

DONE this 5th day of December, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE