IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GREGORY KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-cv-388-MHT-JTA |
| | ) | (WO) |
| ELITE ROOFING, LLC, doing business | ) | |
| as Jimmy Holley, JIMMY HOLLEY, | ) | |
| owner and his position as employee of | ) | |
| Elite Roofing Company, LLC, ALFA | ) | |
| MUTUAL INSURANCE doing business | ) | |
| as Alfa Insurance Company, and TERRY | ) | |
| MCKELVEY individually and his | ) | |
| position as employee of Alfa Insurance | ) | |
| Company, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>

Before the court are the motions for summary judgment filed by Plaintiff Gregory

Kelly. (Docs. No. 25, 26.) The motions for summary judgment (Docs. No. 25, 26) are

CONSTRUED as each containing a motion for default judgment.  For the reasons stated

below, the undersigned recommends that the motions be denied.

## I.      JURISDICTION

Pursuant to 28 U.S.C. § 636, "this case [was referred] to the undersigned United

States Magistrate Judge for all pretrial proceedings and entry of any order or

recommendations as may be appropriate." (Doc. No. 4.)

This court has subject matter jurisdiction over this action based on federal question

jurisdiction, as at least one of Plaintiff's causes of action arises under the Constitution and

laws of the United States. 28 U.S.C. § 1331. The court also may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

The parties do not contest personal jurisdiction or venue, and the court finds sufficient allegations to support both in the Middle District of Alabama.

## II.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Palm v. United States*, 904 F. Supp. 1312, 1314 (M.D. Ala. 1995) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id*. at 322-324. A factual dispute is genuine if the evidence would allow a reasonable jury to find for the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to

interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson*, 477 U.S. at 255.

After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(e). As stated in *Celotex*, if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial," the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 322.

## III.   DISCUSSION

In 2024, *pro se* Plaintiff Gregory Kelly filed eight separate actions in the Middle District of Alabama against numerous Defendants. Throughout his conglomeration of civil actions, Plaintiff alleges numerous discriminatory acts and constellations of conspiracies

by various entities, individuals, and state governmental agencies.[1] Four of those actions were[2] referred to the undersigned. This is one of those actions.

Plaintiff filed this action on July 2, 2024.[3] On August 30, 2024, he filed a motion for summary judgment (Doc. No. 25) in conjunction with his opposition to a pending motion to dismiss[4] (Doc. No. 19). On September 9, 2024, Plaintiff filed a second motion for summary judgment. (Doc. No. 26.) The motions are ready for review and disposition.

A.    Motions for Default Judgment

Plaintiff appears to be under the impression that Defendants' answers and other defensive pleadings are automatically nullities because they allegedly missed deadlines to answer or otherwise respond to his complaint and amended complaint. Plaintiff appears to contend that, as a result, Defendants are deemed to have admitted the facts alleged in Plaintiff's pleadings. On this basis, Plaintiff moves for "summary judgment."

---

[1] *See Kelly v. Alabama Alcohol Control Board, et al*., Case No. 2:24-cv-00575-ECM-CWB; *Kelly v. Elite Roofing, LLC, et al*., Case No. 2:24-cv-00388-MHT-JTA; *Kelly v. Montgomery County and City Board, et al*., Case No. 2:24-cv-00362-ECM-KFP; *Kelly v. Montgomery Water Works and Sanitary Sewer Board, et al*., Case No. 2:24-cv-00348-RAH-JTA; *Kelly v. Alabama Department of Rehabilitation Services, et al*., Case No. 2:24-cv-00343-ECM-SMD; *Kelly v. Montgomery Real Estate Buyers LLC, et al*., Case No. 2:24-cv-00297-RAH-KFP; *Kelly v. Montgomery Regional Airport, et al*., Case No. 2:24-cv-00266-RAH-SMD; *Kelly v. Montgomery Housing Authority, et al*., Case No. 2:24-cv-00166-MHT-JTA.

[2] Of the four cases originally assigned to the undersigned, one was recently reassigned to another Magistrate Judge as referral judge on December 3, 2024: *Kelly v. Alabama Department of Rehabilitation Services, et al*., Case No. 2:24-cv-00343-ECM-SMD.

[3] Plaintiff paid the filing fee in this action and is not proceeding *in forma pauperis*.

[4] The motion to dismiss filed by Defendants (Doc. No 19) will be addressed in a separate Order.

To the extent Plaintiff contends he is entitled to judgment as a matter of law on grounds of some procedural default by one or more Defendants due to brief delays in responding to Plaintiff's pleadings, rather than on the basis of applying the substantive law to undisputed material facts, the motions are more properly construed as motions for default judgment. Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); Fed. R. Civ. P. 56 (a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."); *see Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014) (noting that courts are to "liberally construe *pro se* filings"); *Powell v. R.R. Ret. Bd.*, No. 3:23-CV-26-RAH-JTA, 2023 WL 3731418, at *6 (M.D. Ala. May 15, 2023) (liberally construing and characterizing a *pro se* motion based upon the relief sought within the motion, rather than according to the title the *pro se* Plaintiff affixed to it), *report and recommendation adopted*, No. 3:23-CV-26-RAH, 2023 WL 3730290 (M.D. Ala. May 30, 2023). *Cf. Am. United Life Ins. Co. v. Bell*, No. 2:09-CV-907-TFM, 2010 WL 1995034, at *3 (M.D. Ala. May 18, 2010) (noting that, where a litigant named Betty Bell "filed her motion for judgment on the pleadings asserting that because [another litigant's] answer was untimely, it should be stricken and judgment should be granted in favor of Betty Bell," the motion was aptly viewed as "akin to a request for default judgment under Fed. R. Civ. P. 55").

On August 30, 2024, Plaintiff filed a document entitled Plaintiff's Notice Regarding Order to Show Cause. (Doc. No. 25.) In it, Plaintiff argues that "Summary Judgment" should be entered in his favor because Defendants purportedly did not file an answer to his original complaint within 21 days of service of the complaint and summons. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer … within 21 days after being served with the summons and complaint.").

Defendants Alfa Mutual Insurance and Terry McKelvey timely filed a motion to dismiss the original complaint. (Doc. No. 13.) Plaintiff has been told that the line of argument that he directs at Defendants Alfa Mutual Insurance and McKelvey is improper, and he knew it on August 30, 2024, when he filed a document containing this argument.

In *Kelly v. Montgomery Hous. Auth.*, No. 2:24-CV-166-MHT-JTA, 2024 WL 3240637 (M.D. Ala. June 28, 2024), the court rejected a similar argument by Plaintiff, noting that it was not the first time he had raised it, nor the first time the court had explained to him that the timely filing of a motion to dismiss satisfies the requirement to timely answer or otherwise respond to the complaint,[5] nor the first time the court explained to him that "summary judgment" was not in any way applicable to the situation.[6] The court

---

[5] *See* Fed. R. Civ. 12(a)(1), (4) (concerning a Rule 12 motion's effect on the deadline for filing an answer).

[6] *See Kelly*, 2024 WL 3240637, at *1 n.1 ("In its June 10, 2024 Order, the court explained why the relief Plaintiff seeks is not summary judgment…. The court will not repeat that explanation. Titling something as a motion for summary judgment does not make it one.").

advised Plaintiff of his obligations under Rule 11 of the Federal Rules of Civil Procedure,

as follows:

> Plaintiff is further ADVISED that, even as a *pro se* litigant, he must comply
> with this court's orders, the court's local rules, and the Federal Rules of Civil
> Procedure, just as any other litigant must do. *Municipality of Dothan v.
> Hammond*, No. 1:24-CV-289-ECM-JTA, 2024 WL 2378870, at *1 n.1 (M.D.
> Ala. May 22, 2024) ("[T]hough he is *pro se*, [a litigant] is required to comply
> with court orders and the Federal Rules of Civil Procedure." (citing *Maus v.
> Ennis*, 513 F. App'x 872, 878 (11th Cir. 2013))). The court interprets the
> filings of *pro se* parties with some leniency because *pro se* litigants are not
> trained in the law. *Id*. Even so, Rule 11 of the Rules of Civil Procedure, which
> applies alike to counsel and unrepresented parties, requires that documents
> filed with the court shall not be "presented for any improper purpose, such
> as to harass, cause unnecessary delay, or needlessly increase the cost of
> litigation," but shall be "warranted by existing law or by a nonfrivolous
> argument for extending, modifying, or reversing existing law or for
> establishing new law." Fed. R. Civ. P. 11(b)(1)-(2). Violations of Rule 11
> and of court orders, including the filing of frivolous motions, may result in
> imposition of sanctions, including monetary sanctions or an adverse
> judgment, with or without prejudice. Fed. R. Civ. P. 11(c); *Maus*, 513 F.
> App'x at 878.

*Kelly*, 2024 WL 3240637, at *1 (footnotes omitted).

Plaintiff has numerous actions pending before this court. Filing arguments that he

knows are unwarranted by the applicable law or that he knows lack evidentiary support,

especially when his arguments have been previously considered and rejected by the court,

wastes valuable judicial resources. ***Plaintiff is ADVISED that he will be subject to***

***sanctions if he continues to clutter the dockets with motions and other filings containing***

***repeat attempts at raising the same frivolous arguments***.

Defendants Jimmy Holley and Elite Roofing were served with a copy of the

summons and complaint on July 12, 2024, making their answer or other response to the

original complaint due on Friday, August 2, 2024. Fed. R. Civ. P. 12(a)(1)(A)(i). They filed

their answer on Monday, August 5, 2024. Rather than timely bringing up the matter of the answer being filed one business day late, Plaintiff unilaterally amended his complaint two days later, on August 7, 2024. (Doc. No. 15.) Plaintiff filed the amended complaint with the full knowledge that doing so without leave of court was not permitted under the Federal Rules of Civil Procedure.[7]  As Plaintiff knows, the amended complaint renders his original complaint a nullity.[8] Thus, there is little point now in *sua sponte* striking[9] or otherwise disregarding the answer Defendants Jimmy Holley and Elite Roofing filed in response to the *original* complaint. Doing so would not necessarily entitle Plaintiff to judgment on the claims in his *amended* complaint. Moreover, Plaintiff incurred no prejudice from the late filing, as is indicated by the fact that Defendants have elected to proceed on his unilaterally-filed amended complaint.

---

[7] On July 3, 2024, in *Kelly v. Montgomery Housing Authority, et al.*, the court *sua sponte* struck an amended complaint "as a nullity because it was not filed with leave of court." *Kelly v. Montgomery Housing Authority, et al.*, Case No. 2:24-cv-00166-MHT-JTA, Doc. No. 38, July 3, 2024 Order. In that order, the court set out the relevant text of Rule 15(a)(2) of the Federal Rules of Civil Procedure, explained its application,[7] and reminded Plaintiff of his responsibilities as a *pro se* litigant to "adhere to the Federal Rules of Civil Procedure, this court's local rules, and court orders, just like any other litigant." *Id*. at 2 (citing *Kelly v. Montgomery Housing Auth.*, No. 2:24-CV-166-MHT-JTA, 2024 WL 3240637, at *1 (M.D. Ala. June 28, 2024)). However, in this case, Defendants responded to the amended complaint, so the undersigned did not strike it, as the parties all demonstrated their willingness to proceed upon it.

[8] Plaintiff has been previously advised that a properly filed amended complaint supersedes an earlier complaint. *Kelly v. Montgomery Hous. Auth.*, No. 2:24-CV-166-MHT-JTA, 2024 WL 1837195, at *4 (M.D. Ala. Apr. 26, 2024), *report and recommendation adopted*, No. 2:24CV166-MHT, 2024 WL 3290734 (M.D. Ala. July 2, 2024) (collecting cases and advising that, in considering an amended complaint, the district court will not consider the original complaint and its attachments).

[9] Plaintiff did not move to strike the late-filed answer.

On September 9, 2024, Plaintiff filed another motion for summary judgment, in which he argued that he was entitled to "summary judgment" because Defendants allegedly failed to respond to the amended complaint within 14 days of the filing of the amended complaint. Fed. R. Civ. P. 15(a)(3) ("Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later."). Defendants Elite Roofing and Jimmy Holley timely filed answers to the amended complaint. (Docs. No. 17, 18.) Defendants Alfa Mutual Insurance and McKelvey filed a motion to dismiss on August 28, 2024, which was a week late, at least with respect to Defendant Alfa Mutual Insurance.[10]

In any event, the motions for default judgment are due to be denied on grounds that the Clerk of the Court has not first entered a default as required by Rule 55 of the Federal Rules of Civil Procedure. *Chery v. Alien Prop. Custodian*, No. 21-21956-CIV, 2021 WL 8055448, at *1 (S.D. Fla. Sept. 15, 2021), *report and recommendation adopted*, No. 21-21956-CIV, 2022 WL 765087 (S.D. Fla. Mar. 14, 2022) ("The Clerk of the Court has not entered a default, which is a necessary prerequisite to a motion for entry of default

---

[10] Defendant McKelvey was not served with the summons or original complaint until August 13, 2024 (Doc. No. 16) and filed a motion to dismiss the original complaint on the same day. (Doc. No. 13). For purposes of this Recommendation, it is unnecessary to analyze whether, under such circumstances, Defendant McKelvey was subject to a twenty-one day deadline to respond to the amended complaint. *See* Fed. R. Civ. P. 12(a)(1)(A) ("A defendant must serve an answer … within 21 days after being served with the summons and complaint."); Fed. R. Civ. P. 15(a)(3) ("Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.").

judgment, and this is the first reason why the Court should deny the Motion."). At any rate, Defendants have already responded to Plaintiff's pleadings, and he did not timely move to strike those responses. Fed. R. Civ. P. 55 (a) (providing that the Clerk "must enter the party's default" if a defendant "failed to plead or otherwise defend"); *see In re Thompson*, No. 11-51640-PWB, 2011 WL 2836594, at *1 (Bankr. N.D. Ga. June 30, 2011) ("[E]ven if a party answers late, if the party files an answer prior to the request for entry of default, the clerk may not enter default." (citing Fed. R. Civ. P. 55(a)).

Moreover, "[b]ecause of our 'strong policy of determining cases on their merits,' … default judgments are generally disfavored." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244–45 (11th Cir. 2015) (quoting *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003)). "The decision to enter a default judgment 'is discretionary.... Entry of judgment by default is a drastic remedy which should be used only in extreme situations.... [T]he usual preference [is] that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court.'" *Bell*, 2010 WL 1995034, at *2 (M.D. Ala. May 18, 2010) (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). Here, the minimal delays in responding to Plaintiff's pleadings do not justify such an extreme sanction as default judgment. *See Ming as Next Friend of Ming v. Archbishop Spaulding High Sch.*, No. GJH-22-1624, 2023 WL 1108018, at *2 (D. Md. Jan. 27, 2023) ("Default judgments are inappropriate when a party untimely files an answer or other defensive pleading by only a few days." (collecting cases; cleaned up)). ___**Defendants are ADVISED, however, that they must comply with all applicable deadlines, as is expected**___

10

*of all parties before the court. Extensions of time must be properly sought by motion in accordance with the Federal Rules of Civil Procedure.*

Additionally, as explained in a separate Order entered this date, Plaintiff's amended complaint is not well-pleaded. Therefore, even if Plaintiff had successfully moved to strike Defendants' untimely responses and for entry of default and default judgment, Defendants still could not be deemed to have admitted Plaintiff's allegations of fact or conclusions of law. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) ("[W]hile a defaulted defendant is deemed to 'admit[ ] the plaintiff's well-pleaded allegations of fact," he "is not held to admit facts that are not well-pleaded or to admit conclusions of law.'" (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[11] Thus, contrary to Plaintiff's arguments, under no circumstances would the late filing of any answers or other responses to Plaintiff's pleadings render the facts "undisputed" for purposes of entry of judgment as a matter of law.

For each of the reasons discussed above, the undersigned recommends the motions for default judgment be denied and Defendants not be deemed to have admitted to the allegations in Plaintiff's pleadings.

---

[11] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

B.      Failure to Comply with Rule 56(c)(1) of the Federal Rules of Civil Procedure

Rule 56 provides that "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought." Fed. R. Civ. P. 56 (a). Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id*. Further, Rule 56 sets out particular procedures for "asserting that a fact cannot be or is genuinely disputed." Fed. R. Civ. P. 56(c)(1). The party making the assertion that a fact is undisputed "must support the assertion" in one of the following ways:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

*Id.* (emphasis added).

In Plaintiff's motions for summary judgment, he separately identifies each numerous claim from his pleadings, along with a corresponding cursory, one-sentence statement that "it is undisputed" the material allegations in his complaint as to each of those claims are true.[12] However, as to most of those statements, he cites no supporting evidence.

---

[12] For example, Plaintiff states the following:

> ***In these alleged Agriculture and Farming Sherman Act Antitrust Act violations***, there are also no genuine undisputed issues about Alfa Insurance Defendant have colluded with the American Farn Bureau Federation (AFBF) lobbyists, Alabama Department of Agriculture and Industries (ADAI), Alabama Forestry Commission

There are four instances where Plaintiff cursorily and obliquely cites exhibits. Yet, those instances so fail to comply with Rule 56(c) that they cannot place Defendants or the court on notice of the basis upon which Plaintiff contends the facts are undisputed as to all elements of his claims. Fed. R. Civ. P. 7(b)(1)(B) ("A request for a court order must be made by motion. The motion must… state with particularity the grounds for seeking the order."). Neither are they sufficient to carry Plaintiff's initial burden on summary judgment or to shift to Defendants a burden to respond. *Celotex*, 477 U.S. at 323 ("Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." (internal quotation marks omitted)); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993) ("If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made." (citing *Clark v. Coats & Clark, Inc*., 929 F.2d 604, 608 (11th Cir. 1991)).

---

(AFC), the Alabama Medical Cannabis Commission (AMCC) state agencies and with state's AL- GOP state white agriculture and forest farmers in the attempts to monopolize the business of wine, beer, spirits, CBD beverages, hemp, gummies, tablets, capsules, tinctures, patches, oils, and other forms *of medical marijuana customer goods and products in interstate commerce within the bans of the 1890 Sherman Antitrust Act.*

(Doc. No. 26 at 5 (sic; emphasis in original).)

In his August 30, 2024 summary judgment motion, Plaintiff cites exhibits in two places, as follows:

> On multiple occasions, June 20, 2004, and November 11, 2022, it is undisputed that the Defendants were hiding and concealing information about these inferior and worthless goods were causing $CO_2$ N Ox, and VoC gas poisonous leaks to due poor workmanship and due the Defendants use of inferior and worthless HVAC/R products such as these recalled Carrier Heat Pump units. Exhibit #1
>
> ….
>
> Due to the "judge shopping["] judicial frauds, the Alfa Insurance Defendants have used the state court systems to intimate, coerce and bully Black, Immigrant , Elderly , Disabled and Indigent policyholders into are low ball settlement because these unschooled individuals receive a small fraction of payment on their home mortgage ( $ 212, 000.00 policy value) and home warranty ( ( $ 100, 000.00 policy value) insurance claims and generally Black, Immigrant, Elderly, Disabled and Indigent Defendants policyholders receive less than $ 20,000 their personal injuries and property damages. Exhibit #2

(Doc. No 25 at 3-4 (sic).)

"Exhibit 1" to the August 30, 2024 summary judgment motion is a twenty-four page collection of multiple documents, including correspondence, photographs of alleged sources of gas leaks, a City of Montgomery Fire/Rescue report regarding a carbon monoxide leak incident at Plaintiff's residence, a photograph of a plastic sports drink bottle "left near [a] high voltage line in the attic," and a statement from Alfa Mutual Insurance Company concerning the amount of coverage to be provided for an incident in which wind damaged Plaintiff's roof. (Doc. No. 25-1.) Similarly, "Exhibit 2" is a twenty-four page batch of miscellaneous separate documents. (Doc. No. 25-2.) On the face of "Exhibit 1" and "Exhibit 2," it is not immediately or inherently apparent how those exhibits might

support Plaintiff's assertion that all material facts are undisputed and he is entitled to judgment as a matter of law. Because Plaintiff did not "cit[e] to *particular parts* of materials in the record" in accordance with Rule 56(c) to explain which exhibits support which factual averment, the reader is left to speculate how the evidence in "Exhibit 1" and "Exhibit 2" supposedly support his assertion that the "undisputed facts" entitle him to judgment as a matter of law. Fed. R. Civ. P. 56(c)(1)(A) (emphasis added).

Similarly, Plaintiff's September 9, 2024 summary judgment motion cites exhibits in two places, as follows:

> ***COME NOW, Plaintiff Kelly says that on Jully 5, 2024 for "good cause" this civil RICO Act case was referred to a U.S Magistrate Judge because the Defendants colluded in schemes "<u>on more than one occasion to poison</u>" the Plaintiff for reporting information*** about the Defendants civil RICO Act crimes such as have introduced inferior and worthless goods into interstate commerce and the Plaintiff opposes the Defendants motion to dismiss and by this motion seeks a summary judgment on the following grounds: Ex 1
>
> ….
>
> ***In these alleged Environmental frauds[,]*** it is undisputed that the Defendants have attempted to hide and conceal information about these inferior and worthless goods were causing CO2 NOx, and VoC gas poisonous leaks, and toxic Formaldehyde emissions. Ex 2

(Doc. No. 26 at 1-2 (sic; emphasis in original).)

"Ex 1" and "Ex 2" consist of nine and twelve pages, respectively, of a hodgepodge of documents, including letters and unsworn court filings containing assertions of fact, various court orders,[13] and the Fire/Rescue report. Again, in the September 9, 2024

---

[13] One of the Orders Plaintiff cites was entered in this action on July 10, 2024. (Doc. No. 9; Doc. No. 26-1.) In that Order, in the course of denying Plaintiff's application for assistance from the

summary judgment motion, Plaintiff did not "cit[e] to *particular parts* of materials in the record" in accordance with Rule 56(c) to explain which exhibits support which factual averment. Fed. R. Civ. P. 56(c)(1)(A) (emphasis added). Neither is it self-evident how those exhibits might support Plaintiff's assertion that all material facts are undisputed and he is entitled to judgment as a matter of law. It is unclear to the undersigned how the cited exhibits support Plaintiff's assertion of undisputed facts, or how they logically support the conclusion that Plaintiff is entitled to judgment as a matter of law.

Plaintiff's failure to comply with Rule 56(c)(1)(A) makes it anyone's guess as to the basis upon which he contends the material facts are undisputed. Although the court must construe the filings of *pro se* litigants more liberally than those of an attorney, that leniency does not give the court "'license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Municipality of Dothan v. Hammond*, No. 1:24-CV-289-ECM-JTA, 2024 WL 2378870, at *1 (M.D. Ala. May 22, 2024) (quoting *Campbell v. Air Jamaica Ltd*., 760 F.3d 1165, 1168–69 (11th Cir. 2014)). It is not the duty of the court to scrutinize the collection of exhibits Plaintiff submitted in search of a theory upon which the evidence might support his summary judgment motion, and doing so would be a futile waste of judicial resources. Further, Plaintiff's failure to comply with Rule 56(c) is so utterly complete that it would prevent Defendants from

---

court's Pro Se Assistance Program, the court merely describes the allegations in Plaintiff's complaint. (Doc. No. 9; Doc. No. 26-1.) Plaintiff appears to be citing the Order as proof that the court has somehow already affirmed the truth of his allegations that Defendants engaged in conspiracies against him. That is not the case. The court has made no findings as to the truthfulness of his allegations or as to the merits of his claims.

crafting responsive briefs containing cogent arguments. It also will prevent the court from engaging in any meaningful analysis of the merits of the motion. In short, ordering briefing on the summary judgment motions or attempting to resolve them as filed would waste judicial time and resources and unnecessarily delay the proceedings.

Accordingly, the summary judgment motions are due to be summarily denied without briefing and without prejudice to refile a summary judgment motion at the appropriate time and in a format that complies with Rule 56. *See* Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 323 (holding that the movant bears the initial burden to "inform[] the district court of the basis for its motion, including identifying evidentiary materials in the record that the moving party "believes demonstrate the absence of a genuine issue of material fact"); *Pizarro v. Home Depot, Inc*., 111 F.4th 1165, 1173 (11th Cir. 2024) (holding that, "'*[i]f the moving party shows the absence of a triable issue of fact*'" by methods equivalent to those set forth in  Rule 56(c)(1), "'the burden on summary judgment shifts to the nonmoving party, who must show that a genuine issue remains for trial'" (quoting *United States v. Four Parcels of Real Prop*., 941 F.2d 1428, 1437–38 (11th Cir. 1991)) (emphasis added); *see also* Fed. R. Civ. P. 1 (providing that the Federal Rules of Civil Procedure should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"); *Roman v. Metro. Atlanta Rapid Transit Auth*., No. 1:06-CV-1465-CCH, 2008 WL 11320187, at **4, 6 (N.D. Ga. June 27, 2008) (denying, without prejudice to refile, a motion for summary judgment on grounds that "the Court must disregard almost all of the facts set forth by Defendants in their respective Statements of Material Facts on

the ground that [the movants] failed to provide appropriate citations to evidence in the record that complies with the requirements of Rule 56," and, thus the movant's failure to provide proper citations to evidence in accordance with Rule 56 "prevent[ed] the Court from determining whether there exists a genuine issue of material fact based on the evidence in the record"). *Cf. Sullivan v. Prattville Health & Rehab.*, LLC, No. 3:22-CV-702-RAH-JTA, 2024 WL 2755683, at *7 (M.D. Ala. May 29, 2024), *reconsideration denied*, No. 3:22-CV-702-RAH-JTA, 2024 WL 3103673 (M.D. Ala. June 24, 2024), *and report and recommendation adopted*, No. 3:22-CV-702-RAH, 2024 WL 3555366 (M.D. Ala. July 25, 2024) (noting, with respect to matters concerning a shotgun complaint, that "the court is obliged to *sua sponte* exercise its inherent duty and responsibility to manage its docket, ensure that the issues subject to litigation are clearly delineated, prevent extended and aimless discovery, protect the record from accumulating cumbersome and unnecessary mass, and efficiently allocate judicial resources").

### IV.   CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that

1.     Plaintiff's motion for summary judgment (Doc. No. 25) be DENIED.

2.     Plaintiff's motion for default judgment (Doc. No. 25) be DENIED.

3.     Plaintiff's motion for summary judgment (Doc. No. 26) be DENIED.

4.     Plaintiff's motion for default judgment (Doc. No. 26) be DENIED.

Further, it is ORDERED that the parties shall file any objections to this Recommendation on or before **December 19, 2024**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made;

frivolous, conclusive, or general objections will not be considered. Plaintiff is advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

DONE this 5th day of December, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE