IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GREGORY KELLY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:24-cv-388-MHT-JTA |
| | ) (WO) |
| ELITE ROOFING, LLC, doing business | ) |
| as Jimmy Holley, JIMMY HOLLEY, | ) |
| owner and his position as employee of | ) |
| Elite Roofing Company, LLC, ALFA | ) |
| MUTUAL INSURANCE doing business | ) |
| as Alfa Insurance Company, and TERRY | ) |
| MCKELVEY individually and his | ) |
| position as employee of Alfa Insurance | ) |
| Company, | ) |
| | ) |
|     Defendants. | ) |

**<u>ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Before the court is *pro se* Plaintiff Gregory Kelly's second amended complaint. (Doc. No. 36.) For the reasons stated below, the undersigned strikes the second amended complaint (Doc. No. 36) because it does not comply with court orders and the Federal Rules of Civil Procedure. The undersigned also recommends Kelly's claims be dismissed with prejudice for failure to comply with the Court's December 5, 2024 Order (Doc. No. 31).[1] Further, the undersigned recommends the counterclaim (*see* Docs. No. 14, 17, 18)[2]

---

[1] The December 5, 2024 Order striking Kelly's's amended complaint as a shotgun pleading and requiring Plaintiff to file an amended complaint may also be found at *Kelly v. Elite Roofing, LLC*, No. 2:24-CV-388-MHT-JTA, 2024 WL 4993858 (M.D. Ala. Dec. 5, 2024).

[2] A counterclaim for the cost of completed roof work, costs, expenses, and attorneys' fees was filed twice in response to Kelly's initial complaint (Docs. No. 14, 18) and then filed once again in

1

filed by Defendants Elite Roofing and Jimmy Holley be dismissed without prejudice for failure to prosecute and failure to comply with the Court's December 5, 2024 Order (Doc. No. 33).

## I.  JURISDICTION

Pursuant to 28 U.S.C. § 636, "this case [was referred] to the United States Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as may be appropriate." (Doc. No. 7.)

This court has subject matter jurisdiction over this action based on federal question jurisdiction, as at least one of Kelly's causes of action arises under the Constitution and laws of the United States.[3] 28 U.S.C. § 1331. The court also may exercise supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367(a).

The parties do not contest personal jurisdiction or venue, and the court finds sufficient allegations to support both in the Middle District of Alabama.

## II.  STANDARD OF REVIEW

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers*

---

response to Kelly's amended complaint (Doc. No. 17). In all instances, the content of the counterclaim provides it was filed against Kelly by both Defendants Elite Roofing and Jimmy Holley. Notably, the filer erroneously docketed the second filing as a counterclaim against Defendant Terry McKelvey. (*See* text entry for Doc. No. 17.) Nevertheless, all three counterclaims are substantively identical.

[3] Though Kelly's complaint and amended complaints are shotgun pleadings, he clearly attempted to bring claims under federal law, such as his claim for alleged violation of the Fair Housing Act, 42 U.S.C. § 3614(a). (Doc. No. 15 at 25; Doc. No. 36 at 23.)

2

*v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Consistent with this authority, and pursuant to Rule 41(b)[4] of the Federal Rules of Civil Procedure, "the court may dismiss a plaintiff's action *sua sponte* for failure to prosecute or failure to comply with the Federal Rules of Civil Procedure or a court order." *Centurion Sys., LLC v. Bank of New York Melon*, No. 8:21-CV-726-SDM-AAS, 2021 WL 7448071, at *1 (M.D. Fla. Aug. 12, 2021) (citing *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)), *report and recommendation adopted sub nom. Centurion Sys., LLC v. Bank of New York Mellon*, No. 8:21-CV-726-SDM-AAS, 2021 WL 7448080 (M.D. Fla. Aug. 27, 2021). "Included within this inherent power is the authority to 'impose formal sanctions upon dilatory litigants.'" *Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 989 (11th Cir. 2015) (quoting *Mingo v. Sugar Cane Growers Co–op. of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989)). "'The power to invoke this sanction [of dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourt.'" *Equity Lifestyle*, 556 F.3d at 1240 (quoting *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967));[5] *see also* Fed. R. Civ. P. 1 ("[The Federal Rules of Civil Procedure] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."); *Chambers*, 501

---

[4] Though Rule 41(b) refers specifically to dismissal on a defendant's motion, "[a] federal district court has the inherent power to dismiss a case *sua sponte* under Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with a court order." *Rodriguez v. Lawson*, 848 F. App'x 412, 413 (11th Cir. 2021) (citing *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005)).

[5] *In Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

U.S. at 43 (holding federal courts are vested with inherent powers that are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

Whether to dismiss a complaint under Rule 41(b) "is a matter committed to the district court's discretion." *Equity Lifestyle*, 556 F.3d at 1240 n.14 (citing *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999)). "The legal standard to be applied under Rule 41(b) is whether there is a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (quoting *Jones*, 709 F.2d at 1458). Further, if a court finds a clear record of delay or contumacious conduct by the plaintiff, dismissal for failure to comply with court orders may be a dismissal with prejudice. *See McKinley v. F.D.I.C.*, 645 F. App'x 910, 911 n.3 (11th Cir. 2016) (citing *McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986)). "[S]uch dismissal [with prejudice] is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable." *McKelvey*, 789 F.2d at 1520.

### III. DISCUSSION

A.   Dismissal of Kelly's Claims

In 2024, Kelly filed eight separate actions in the Middle District of Alabama against numerous Defendants. Throughout his conglomeration of civil actions, Kelly alleges numerous discriminatory acts and constellations of conspiracies by various entities,

4

individuals, and state governmental agencies.[6] Four of those actions were[7] referred to the undersigned. This is one of those actions.

On December 5, 2024,[8] the court entered an Order striking Kelly's amended complaint as a shotgun pleading and requiring him to amend his complaint not later than December 26, 2024. (Doc. No. 31.) The court noted that, prior to filing his amended complaint, Kelly had already been warned about shotgun pleadings "in at least one other case," but the court nonetheless provided him "**one** opportunity in this action to amend his pleadings to state what claims he can with sufficient specificity." (*Id*. at 8 (emphasis in original).) The court provided Kelly with instructions sufficient to enable him to file an adequately stated complaint. (*Id*. at 10-13.) The court specifically "***ADVISED [Kelly] that failure to timely file an amended complaint that complies with this Order may constitute grounds for dismissal for failure to prosecute this case and for failure to comply with the Court's orders***." (*Id*. at 13.)

---

[6] *See Kelly v. Ala. Alcohol Control Bd.*, *et al*., Case No. 2:24-cv-00575-ECM-CWB; *Kelly v. Elite Roofing, LLC, et al*., Case No. 2:24-cv-00388-MHT-JTA; *Kelly v. Montgomery County and City Board, et al*., Case No. 2:24-cv-00362-ECM-KFP; *Kelly v. Montgomery Water Works & Sanitary Sewer Bd., et al*., Case No. 2:24-cv-00348-RAH-JTA; *Kelly v. Ala. Dept. of Rehab. Servs., et al*., Case No. 2:24-cv-00343-ECM-SMD; *Kelly v. Montgomery Real Estate Buyers LLC, et al*., Case No. 2:24-cv-00297-RAH-KFP; *Kelly v. Montgomery Reg'l Airport, et al*., Case No. 2:24-cv-00266-RAH-SMD; *Kelly v. Montgomery Hous. Auth., et al*., Case No. 2:24-cv-00166-MHT-JTA.

[7] Of the four cases originally assigned to the undersigned, one was recently reassigned to another Magistrate Judge as referral judge on December 3, 2024: *Kelly v. Alabama Department of Rehabilitation Services, et al*., Case No. 2:24-cv-00343-ECM-SMD.

[8] The relevant procedural history of this action prior to the entry of the December 5, 2024 Order requiring Kelly to amend (Doc. No. 31) is adequately set forth in that Order and will not be repeated here.

On December 30, 2024, Kelly belatedly filed an amended complaint without seeking leave to file it out of time.[9] (Doc. No. 36.) Like every other pleading Kelly has filed in this and every other case before the undersigned, Kelly's second amended complaint is a shotgun pleading. Many times, the undersigned has explained to Kelly in this and other cases why such pleadings are shotgun pleadings, and the court will not explain it to him again. (*See* Doc. No. 31 (explaining why Kelly's amended complaint in this action constituted a shotgun pleading).) *See also*, *e.g.*, *Kelly v. Montgomery Hous. Auth.*, No. 2:24-CV-166-MHT-JTA, 2024 WL 1837195, at *2 n.1 (M.D. Ala. Apr. 26, 2024) (ordering Kelly to amend a shotgun complaint), *report and recommendation adopted*, No. 2:24-cv-166-MHT, 2024 WL 3290734 (M.D. Ala. July 2, 2024). Suffice it to say, the second amended complaint repeats many of the very shotgun pleading errors from his amended complaint that he was specifically ordered to cure. (Docs. No. 15, 31.) It shares the "'unifying characteristic of'" shotgun complaints: "'it is virtually impossible to

---

[9] Kelly is well aware of the need to seek leave of court before filing an amended pleading beyond the applicable deadline. (*See* Doc. No. 31 at 1 n.1 (noting, "[w]hen Plaintiff filed the amended complaint, he knew that doing so without leave of court was not permitted under the Federal Rules of Civil Procedure").) *See Kelly v. Montgomery Hous. Auth.*, No. 2:24-CV-166-MHT-JTA, 2024 WL 3297690, at **1-2 (M.D. Ala. July 3, 2024) (striking an amended complaint that was untimely filed in violation of Rule 15 of the Federal Rules of Civil Procedure and noting that "[Kelly] has been advised that he must adhere to the Federal Rules of Civil Procedure, this court's local rules, and court orders, just like any other litigant" (footnotes omitted) (citing *Kelly v. Montgomery Housing Auth.*, No. 2:24-CV-166-MHT-JTA, 2024 WL 3240637, at *1 (M.D. Ala. June 28, 2024))).

know which allegations of fact are intended to support which claim(s) for relief,'" or the grounds upon which each of Kelly's claims rest. *Id*.

Kelly's second amended complaint violates the December 5, 2024 Order to amend because it was filed late without leave of court and because it is a shotgun complaint. (Doc. No. 31 (ordering Kelly to amend "on or before December 26, 2024," ordering that the amendment "shall not be a shotgun pleading" and shall comply with specific instructions not followed in the second amended complaint, and advising Kelly that "failure to ***timely*** file an amended complaint ***that complies with this Order*** may constitute grounds for dismissal for failure to prosecute this case and for failure to comply with the Court's orders" (emphasis altered from original)).) Further, in accordance with its obligations to efficiently manage its docket and ensure compliance with its orders, the court cannot allow itself to be caught in an infinite loop of striking shotgun complaints and allowing amendments. *See Chambers*, 501 U.S. at 43 (holding that federal courts are vested with inherent powers that are "'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Link v. Wabash R. Co*., 370 U.S. 626, 630–631 (1962)); *Kelly v. Montgomery Hous. Auth*., No. 2:24-CV-166-MHT-JTA, 2024 WL 3297690, at *1 (M.D. Ala. July 3, 2024) (warning Kelly that "[t]he court and Defendants will not be caught in an infinite loop of motions to dismiss being mooted by a succession of unilaterally-filed amended pleadings."). Therefore, the second amended complaint (Doc. No. 36) is due to be stricken for failure to comply with the court's December 5, 2024 Order to amend (Doc. No. 31) and the Federal Rules of Civil Procedure.

7

"[J]udicial resources are far too scarce to be exploited by litigants who, after being specifically advised about how to correct their errors and warned that failing to do so will result in dismissal with prejudice, continue in their recalcitrance." *Smith v. Boyd*, No. 2:22-CV-199-MHT-JTA, 2023 WL 3831828, at *4 (M.D. Ala. Mar. 31, 2023) (citations and internal quotation marks omitted), *report and recommendation adopted*, No. 2:22CV199-MHT, 2023 WL 3831803 (M.D. Ala. June 5, 2023). Kelly has eight cases currently pending before this court, and the impact on the just and efficient administration in his cases, as well as others, will be palpable if the court does not enforce compliance with its orders in his cases, as it would for any other litigant.

Kelly still has not cured the shotgun pleading deficiencies in his complaint after being ordered to do so, and after being given detailed instructions to aid him in that endeavor. In fact, in all his pending cases before the undersigned, despite being ordered to amend in several instances, Kelly has yet to file a complaint that is not a shotgun pleading. The undersigned has considered Kelly's incalcitrance in failing to file a pleading that complies with the Federal Rules of Civil Procedure and the court's orders, as well as the fact that, at the time he filed his amended shotgun pleading in this action, he had already been informed in at least one other case that shotgun pleadings are not allowed. The undersigned also notes Kelly's propensity in this and other cases to knowingly continue to file pleadings and motions that are frivolous or violate the Federal Rules of Civil Procedure.[10] (*See* Doc. No. 31 at 1 n.1 (noting, "[w]hen Plaintiff filed the amended

---

[10] Kelly has been repeatedly advised of the potential consequences for violating his responsibilities under Rule 11 of the Federal Rules of Civil Procedure, including the requirement "'that documents filed with the court shall not be "presented for any improper purpose, such as to harass, cause

8

complaint" rather than responding to the motion to dismiss, "he knew that doing so without leave of court was not permitted under the Federal Rules of Civil Procedure").) *See also*, *e.g.*, *Kelly v. Elite Roofing, LLC*, Case No. 24-cv-388-MHT-JTA, 2024 WL 4994508, at * 3 (M.D. Ala. December 5, 2004) ("Plaintiff has been told that the line of argument that he directs at Defendants Alfa Mutual Insurance and McKelvey is improper, and he knew it on August 30, 2024, when he filed a document containing this argument."); *Kelly v. Montgomery Hous. Auth.*, No. 2:24-CV-166-MHT-JTA, 2024 WL 3240637 (M.D. Ala. June 28, 2024) (rejecting an argument by Kelly, noting it was not the first time he had raised it, nor the first time the court had explained to him it was not supported by the applicable law). Moreover, Kelly has been warned many times in this and other actions that he must comply with court orders or face sanctions. *See Kelly v. Elite Roofing*, 2024 WL 4994508, at *3 (noting previous instances where Kelly had been advised of his obligations to comply with court orders). Considering these factors, the undersigned concludes Kelly has established a clear record of delay and contumacious conduct.

The undersigned has considered the range of sanctions available for enforcement of court orders and the Federal Rules of Civil Procedure and finds no sanction but dismissal with prejudice will suffice. Less drastic remedies have been unavailing. The undersigned has already provided Kelly an opportunity to comply with court orders and the Federal

---

unnecessary delay, or needlessly increase the cost of litigation," but shall be "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."'" *Kelly v. Elite Roofing*, 2024 WL 4994508, at *3 (quoting *Kelly v. Montgomery Hous. Auth.*, No. 2:24-CV-166-MHT-JTA, 2024 WL 3240637, at * 1 (quoting in turn Fed. R. Civ. P. 11(b)(1)-(2))).

9

Rules of Civil Procedure. His continued failure to file an adequate complaint in this and other cases, even though he knows shotgun complaints are not allowed, indicates he is either unwilling or unable to file a complaint upon which litigation may proceed. In fact, by filing his untimely second amended shotgun complaint (Doc. No. 36), Kelly has affirmatively demonstrated that, even if given another opportunity, he will not file a pleading that complies with the court's orders and the Federal Rules of Civil Procedure.

The December 5, 2024 Order specifically warned Kelly: ""Where a plaintiff fails to comply with an order to file an amended complaint to cure the shotgun pleading issues, the case may be dismissed *with or without prejudice* pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the court's inherent powers to ensure compliance with its orders." (Doc. No. 31 at 4 n.2 (emphasis added).) That order also "***ADVISED [Kelly] that failure to timely file an amended complaint that complies with this Order may constitute grounds for dismissal for failure to prosecute this case and for failure to comply with the Court's orders***." (*Id*. at 13 (emphasis in original).) Despite these warnings of impending dismissal, Kelly has not complied. There is little reason to suspect the prospect of *lesser* sanctions than dismissal (such as monetary sanctions) would remedy the situation. Mere dismissal without prejudice would be no sanction at all. By allowing Kelly to file yet another iteration of his complaint in a new action, dismissal without prejudice would operate as an opportunity for Kelly to escape any consequence for his contumacious conduct and his failure to comply with the court's orders and the Federal Rules of Civil Procedure.

Accordingly, the undersigned recommends Kelly's claims be dismissed with prejudice.

B.   Dismissal of the Counterclaim

In an order entered December 5, 2024, the court noted Kelly had not answered or otherwise responded to the counterclaim asserted against him by Defendants Elite Roofing and Jimmy Holley. (Doc. No. 33.) The court ordered that, "on or before December 16, 2024, Defendants Elite Roofing and Jimmy Holley shall EITHER

1.  show cause, in writing, why their counterclaim should not be dismissed for failure to prosecute, OR
2.  proceed under Rule 55 of the Federal Rules of Civil Procedure by seeking entry of default and default judgment, OR
3.  file a written notice that they wish to voluntarily dismiss their counterclaim."

(*Id.* (emphasis omitted).)

To date, Defendants Elite Roofing and Jimmy Holley have not responded to the December 5, 2024 Order. Accordingly, their counterclaim is due to be dismissed for failure to prosecute and failure to comply with the December 5, 2024 Order to show cause. Unlike Kelly, though, they have not required repeated warnings to refrain from frivolous filings or violating court orders or the Federal Rules of Civil Procedure. Therefore, unlike in Kelly's current situation, the court did not find it appropriate to forewarn them that failure to prosecute or comply with the December 5, 2024 order to show cause could result in dismissal with prejudice. Under the circumstances, there is no clear record that their conduct involves contumacious conduct or willful delay. Therefore, their counterclaim is due to be dismissed without prejudice.

## IV. CONCLUSION

Accordingly, it is ORDERED that Kelly's second amended complaint (Doc. No. 36) is STRICKEN for failure to comply with court orders and the Federal Rules of Civil Procedure.

Further, the undersigned RECOMMENDS as follows:

1. Plaintiff Kelly's claims be DISMISSED WITH PREJUDICE for failure to comply with court orders and the Federal Rules of Civil Procedure.

2. The counterclaim of Defendants Elite Roofing and Jimmy Holley against Plaintiff Kelly be DISMISSED WITHOUT PREJUDICE for failure to prosecute and comply with a court order.

3. There being no other pending claims in this case, this action be DISMISSED.

Further, it is ORDERED that the parties shall file any objections to this Recommendation on or before **January 15, 2025**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

DONE this 31st day of December, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE